**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KEITH M. WHITAKER, SR.,                           Case No. 1:18-CV-546
     Plaintiff,

                                    Black, J.
     vs.                                         Bowman, M.J.

C.O. VOIERS,                                      **ORDER AND REPORT AND**
     Defendant.                                   **RECOMMENDATION**


Plaintiff, a pretrial detainee at the Scioto County Corrections Center, in Portsmouth,

Ohio, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against defendant "C.O.

Voiers." (Doc.1-1, at PageID 12).  By separate Order, plaintiff has been granted leave to

proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to

determine whether the complaint or any portion of it should be dismissed because it is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28

U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

I.       **Screening of Complaint**

       A.      **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

### B.  Plaintiff's Complaint

Plaintiff, who alleges that he is "a fifty-two (52) year old disabled person" (Doc. 1-1, at PageID 19), asserts that defendant Voiers disregarded plaintiff's safety and well-being between November 2015 and February 2016, and from April 19, 2018 to the present (Doc. 1-1, at PageID 15).

More specifically, plaintiff alleges that between April 19, 2018 and April 24, 2018, when he tried to "make amends to have a better future between Voiers and himself," Voiers stated that he "never forgives and forgets," that he "could not stand plaintiff because plaintiff was 'a piece of shit,'" and "many other things."  (Doc. 1-1, at PageID 15).

Plaintiff alleges that on or about April 24, 2018, Voiers "either made fun of plaintiff's attempting suicide by hanging, or was encouraging him to do it again, or was threatening to hang plaintiff when he was walking up the stairs . . . and made a hanging motion and laughed at plaintiff."  (Doc. 1-1, at PageID 15).

Plaintiff alleges that on or about April 25, 2018, Voiers told other inmates outside of

3

plaintiff's housing unit that Voiers "hated" plaintiff and "could not wait to do something to him."  Plaintiff alleges that Voiers then went into plaintiff's cell and yanked plaintiff's medically ordered mattress out from underneath him, causing plaintiff to fall to the floor, injure his hip and back, and damage his glasses.  Plaintiff also alleges that Voiers took the mattress, but plaintiff was able to get it back within ten minutes from C.O. Aldridge, who is not named as a defendant in this action.  (Doc. 1-1, at PageID 16).

Plaintiff alleges that on or about April 25, 2018, he requested to go to medical for his hip and back but that C.O. Charlton, who is not named as a defendant, denied the request. Plaintiff states that he later filed a medical request form, but "received no results" and "has no idea if it ever made it to medical."  (Doc. 1-1, at PageID 16).

Plaintiff alleges that on or about May 2, 2018, Voiers took plaintiff's blanket and t-shirt when plaintiff was on his way back from recreation in order to harass him.  Plaintiff asserts that Voiers was "made to give them back 10 minutes later."  (Doc. 1-1, at PageID 16).

Plaintiff claims that he repeatedly told Captain Carter, who is not named as a defendant, that he was in fear of his safety and wellbeing based on Voiers's alleged actions.  Plaintiff also claims to have filed grievances to that effect.  (Doc. 1-1, at PageID 16).

On or about May 26, 2018, plaintiff alleges, Voiers shut a door on plaintiff's back and shoved him into his housing unit even though plaintiff was already on his way inside.  (Doc. 1-1, at PageID 17).

Plaintiff alleges that Voiers exploded into a rage on or about June 2, 2018 at the door to plaintiff's housing unit because plaintiff looked at Voiers's identification badge to get the correct spelling of his name.  Voiers allegedly said: "I'm tired of your shit!  I hope you die!" Voiers allegedly also made other comments, including: "You keep it up!  I'll give you a reason

4

to sue me!"  Plaintiff alleges that Voiers then went into plaintiff's cell, "tore it up," took "little things," and threatened "his life and safety."  (Doc. 1-1, at PageID 17).

Plaintiff alleges that on or about June 6, 2018, Voiers retaliated against him by not letting him go to recreation and again "tearing up" his cell.  (Doc. 1, at PageID 17).  According to plaintiff, Voiers again "tore up" his cell on or about July 6, 2018, while plaintiff was at recreation, taking an extra blanket that the doctor had ordered for plaintiff to elevate his head to relieve acid reflux.  (Doc. 1-1, at PageID 18).  Plaintiff claims that Voiers refused to verify plaintiff's need for the blanket and plaintiff was left without the blanket for two nights, causing him to "suffer hacking acid out of his lungs."  (Doc. 1-1, at PageID 18).

Plaintiff alleges that on one occasion Captain Carter had to get involved because Voiers said that plaintiff had swallowed something when Voiers was "tearing up" plaintiff's cell. Voiers allegedly humiliated plaintiff by taking him to be x-rayed and strip-searched.  Plaintiff claims that nothing was found.  (Doc. 1-1, at PageID 19).

Plaintiff alleges that he requested to file criminal charges against Voiers and to be separated from Voiers but his requests were denied.  He further alleges that he lives in "constant fear" of Voiers and will not go to recreation when Voiers is on duty out of fear Voiers will do something to his cell or food.  (Doc. 1-1, at PageID 19).

For relief, plaintiff seeks monetary and injunctive relief.  (Doc. 1-1, at PageID 14).

**C.     Analysis**

Through the Due Process Clause of the Fourteenth Amendment, pretrial detainees are entitled to the same Eighth Amendment rights as are other inmates. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).  "Thus, Supreme Court precedents governing prisoners' Eighth Amendment rights also govern the Fourteenth Amendment rights of pretrial

5

detainees." *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016).  Further, prisoners, including pretrial detainees, "possess the First Amendment right to lodge peaceful complaints about prison conditions without retaliation." *Chapman v. Troutt*, No. 3:10-1009, 2011 WL 4396189, at *3 (M.D. Tenn. Sept. 21, 2011).  *See also McBee v. Campbell Cty. Detention Center*, Nos. 17-5481/5943, 2018 WL 2046303, at *3-5 (6th Cir. Mar. 15, 2018).

Liberally construed, plaintiff's complaint states a harassment and/or excessive-force claim against defendant Voiers for allegedly pulling the mattress out from underneath plaintiff on April 25, 2018, and an excessive-force claim against Voiers for allegedly shutting a door on plaintiff's back on May 26, 2018.  Plaintiff also states a retaliation claim against defendant Voiers for allegedly conducting a cell search, taking things from plaintiff's cell, and threatening plaintiff on June 2, 2018, denying plaintiff recreation and conducting another cell search on June 6, 2018, and conducting a third cell search and taking plaintiff's extra-blanket on July 6, 2018, because plaintiff attempted to bring legal action against Voiers.  At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, any claim against Voiers in his official capacity must be dismissed to the extent that plaintiff seeks monetary damages.  Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v.* Jordan, 415 U.S. 651 (1974).  An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-

6

71 (1989).  Therefore, Voiers in his official capacity is immune from suit to the extent that plaintiff seeks monetary damages.

Next, plaintiff's allegations that between November 2015 and February 2016 defendant Voiers disregarded plaintiff's safety and well-being are devoid of sufficient factual assertions to state a claim.  *See Twombly*, 550 U.S. at 555-57.  Such allegations also appear to be outside of the applicable two-year statute of limitations.  *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (applying two-year statute of limitations to civil-rights claims brought under 42 U.S.C. § 1983).

Furthermore, plaintiff's allegations that Voiers violated his constitutional rights by making disparaging comments between April 19, 2018 and April 24, 2018, and on June 2, 2018, do not state a claim upon which relief may be granted.  While such behavior, if true, is despicable and unprofessional, it does not rise to the level of a constitutional violation.  *See Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a § 1983 claim for relief."); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

Similarly, plaintiff's allegation that Voiers made a hanging gesture with his hand on April 24, 2018, does not state a claim for relief.  *See Ivey*, 832 F.2d at 954; *see also Russell v. Mooney*, No. 17-cv-570-JPG, 2017 WL 2473279, at *4 (S.D. Ill. June 7, 2017) (finding that a defendant's jokes and mocking comments about the plaintiff's suicide attempt, while distressing, did not rise to the level of a constitutional violation); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (finding that mere threatening language and gestures did not violate constitution).

Plaintiff's allegation that on May 2, 2018, Voiers took plaintiff's blanket and t-shirt for ten minutes also does not state a claim for relief. *See Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992) (finding that the Eighth Amendment does not protect prisoners from conditions that cause mere discomfort or inconvenience). Likewise, plaintiff's allegation that he was without his medically ordered mattress for ten minutes on April 25, 2018, does not state a claim. *See id*.

Nor does plaintiff state a claim for relief with his conclusory allegations that Voiers humiliated plaintiff by taking him, on an unspecified occasion, to be x-rayed and strip-searched. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). *See also Twombly*, 550 U.S. at 555-57.

Finally, plaintiff's allegations that he lives in constant fear of Voiers and will not go to recreation when Voiers is on duty out of fear that Voiers will do something to his cell or food are merely speculative and do not state a claim for relief. *See Laird v. Tatum*, 408 U.S. 1, 14 (1972) (finding that allegations of subjective harm "are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm").

Accordingly, in sum, plaintiff may proceed with his harassment and/or excessive-force claim against defendant Voiers for allegedly pulling the mattress out from underneath plaintiff on April 25, 2018, his excessive-force claim against defendant Voiers for allegedly shutting a door on plaintiff's back on May 26, 2018, and his retaliation claim against defendant Voiers for allegedly conducting a cell search, taking things from plaintiff's cell, and threatening plaintiff on June 2, 2018, denying plaintiff recreation and conducting another cell search on June 6, 2018,

8

and conducting a third cell search and taking plaintiff's extra-blanket on July 6, 2018, because

plaintiff attempted to bring legal action against Voiers.  However, the remainder of plaintiff's

complaint should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's harassment and/or excessive-

force claim against defendant Voiers for allegedly pulling the mattress out from underneath

plaintiff on April 25, 2018, his excessive-force claim against defendant Voiers for allegedly

shutting a door on plaintiff's back on May 26, 2018, and his retaliation claim against defendant

Voiers for allegedly conducting a cell search, taking things from plaintiff's cell, and threatening

plaintiff on June 2, 2018, denying plaintiff recreation and conducting another cell search on June

6, 2018, and conducting a third cell search and taking plaintiff's extra-blanket on July 6, 2018,

because plaintiff attempted to bring legal action against Voiers.

## IT IS THEREFORE ORDERED THAT:

1.  The United States Marshal shall serve a copy of the complaint, summons, the separate

Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and

Recommendation upon defendant Voiers.

2.  Plaintiff shall serve upon defendant or, if appearance has been entered by counsel,

upon defendant's attorney, a copy of every further pleading or other document submitted for

consideration by the Court.  Plaintiff shall include with the original paper to be filed with the

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed

to defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge

which has not been filed with the Clerk or which fails to include a certificate of service will be

disregarded by the Court.

       3.  Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH M. WHITAKER, SR.,                     Case No. 1:18-CV-546
    Plaintiff,

                          Black, J.
    vs.                                    Bowman, M.J.

C.O. VOIERS,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11