UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH M. WHITAKER, SR.,      Case No. 1:18-CV-546
   Plaintiff,

                                                                 Black, J.
vs.                                                         Bowman, M.J.

C.O. VOIERS,                            **ORDER AND REPORT AND**
   Defendant.                               **RECOMMENDATION**

On August 3, 2018, plaintiff, a pretrial detainee at the Scioto County Corrections Center, in Portsmouth, Ohio, filed this pro se civil rights action against defendant "C.O. Voiers." (Doc. 3).

On August 28, 2018, the undersigned issued an Order granting plaintiff leave to proceed *in forma pauperis*. (Doc. 2). On the same date, the undersigned issued an Order and Report and Recommendation, concluding that at this stage of the proceedings, without the benefit of briefing, certain harassment, excessive force, and retaliation claims could proceed. (Doc. 4, at PageID 57). It was recommended, however, that plaintiff's remaining claims be dismissed for failure to state a claim. (Doc. 4, at PageID 54-56). The Order and Report and Recommendation is currently pending before the District Court.

Prior to defendant making an appearance in this case, plaintiff has filed an amended complaint (Doc. 6), in which plaintiff clarifies that he is: (1) seeking to invoke this Court's federal question jurisdiction; (2) proceeding against defendant Voiers in his official and individual capacities;[1] (3) reducing the amount of damages that he requests from defendant Voiers; and (4) requesting that criminal charges be brought against defendant Voiers. (Doc. 6, at

---

[1] Plaintiff states that he is suing defendant Voiers in an "Official and Unofficial Capacity." (Doc. 6, at PageID 61, 72). Given the Court's liberal construction of pro se complaints, the Court understands the amended complaint to be against Voiers in his official and individual capacities.

PageID 61, 65-66, 72). The substance of plaintiff's claims against defendant Voiers, however, remains unchanged.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Plaintiff's amended complaint (Doc. 6) supersedes plaintiff's original complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009).

This matter is now before the Court for a s*ua sponte* review of the amended complaint (Doc. 6) to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Plaintiff's Amended Complaint**

**A. Allegations**

Plaintiff reasserts in his amended complaint (Doc. 6) his original claims against defendant Voiers. Plaintiff's allegations are set forth in the August 28, 2018 Order and Report and Recommendation. (*See* Doc. 4). For ease of reference, they are also set forth below.

Plaintiff, who alleges that he is "a fifty-two (52) year old disabled person" (Doc. 6, at PageID 71), asserts that defendant Voiers disregarded plaintiff's safety and well-being between November 2015 and February 2016, and from April 19, 2018 to the present (Doc. 6, at PageID 67).

More specifically, plaintiff alleges that between April 19, 2018 and April 24, 2018, when he tried to "make amends to have a better future between Voiers and himself," Voiers

stated that he "never forgives and forgets," that he "could not stand plaintiff because plaintiff was 'a piece of shit,'" and "many other things."  (Doc. 6, at PageID 67).

Plaintiff alleges that on or about April 24, 2018, Voiers "either made fun of plaintiff's attempting suicide by hanging, or was encouraging him to do it again, or was threatening to hang plaintiff when he was walking up the stairs . . . and made a hanging motion and laughed at plaintiff."  (Doc. 6, at PageID 67).

Plaintiff alleges that on or about April 25, 2018, Voiers told other inmates outside of plaintiff's housing unit that Voiers "hated" plaintiff and "could not wait to do something to him."  Plaintiff alleges that Voiers then went into plaintiff's cell and yanked plaintiff's medically ordered mattress out from underneath him, causing plaintiff to fall to the floor, injure his hip and back, and damage his glasses.  Plaintiff also alleges that Voiers took the mattress, but plaintiff was able to get it back within ten minutes from C.O. Aldridge, who is not named as a defendant in this action.  (Doc. 6, at PageID 68).

Plaintiff alleges that on or about April 25, 2018, he requested to go to medical for his hip and back but that C.O. Charlton, who is not named as a defendant, denied the request.  Plaintiff states that he later filed a medical request form, but "received no results" and "has no idea if it ever made it to medical."  (Doc. 6, at PageID 68).

Plaintiff alleges that on or about May 2, 2018, Voiers took plaintiff's blanket and t-shirt when plaintiff was on his way back from recreation in order to harass him.  Plaintiff asserts that Voiers was "made to give them back 10 minutes later."  (Doc. 6, at PageID 68).

Plaintiff claims that he repeatedly told Captain Carter, who is not named as a defendant, that he was in fear of his safety and wellbeing based on Voiers's alleged actions.  Plaintiff also claims to have filed grievances to that effect.  (Doc. 6, at PageID 68).

On or about May 26, 2018, plaintiff alleges, Voiers shut a door on plaintiff's back and shoved him into his housing unit even though plaintiff was already on his way inside. (Doc. 6, at PageID 69).

Plaintiff alleges that Voiers exploded into a rage on or about June 2, 2018 at the door to plaintiff's housing unit because plaintiff looked at Voiers's identification badge to get the correct spelling of his name. Voiers allegedly said: "I'm tired of your shit! I hope you die!" Voiers allegedly also made other comments, including: "You keep it up! I'll give you a reason to sue me!" Plaintiff alleges that Voiers then went into plaintiff's cell, "tore it up," took "little things," and threatened "his life and safety." (Doc. 6, at PageID 69).

Plaintiff alleges that on or about June 6, 2018, Voiers retaliated against him by not letting him go to recreation and again "tearing up" his cell. (Doc. 6, at PageID 69). According to plaintiff, Voiers again "tore up" his cell on or about July 6, 2018, while plaintiff was at recreation, taking an extra blanket that the doctor had ordered for plaintiff to elevate his head to relieve acid reflux. (Doc. 6, at PageID 70). Plaintiff claims that Voiers refused to verify plaintiff's need for the blanket and plaintiff was left without the blanket for two nights, causing him to "suffer hacking acid out of his lungs." (Doc. 6, at PageID 70).

Plaintiff alleges that on one occasion Captain Carter had to get involved because Voiers said that plaintiff had swallowed something when Voiers was "tearing up" plaintiff's cell. Voiers allegedly humiliated plaintiff by taking him to be x-rayed and strip-searched. Plaintiff claims that nothing was found. (Doc. 6, at PageID 71).

Plaintiff alleges that he requested to file criminal charges against Voiers and to be separated from Voiers but his requests were denied. He further alleges that he lives in "constant fear" of Voiers and will not go to recreation when Voiers is on duty out of fear

4

Voiers will do something to his cell or food. (Doc. 6, at PageID 70-71).

For relief, plaintiff seeks monetary and injunctive relief, as well as to compel the initiation of criminal charges against defendant Voiers. (Doc. 6, at PageID 66, 72).

**B.      Analysis**

As the undersigned found in the August 28, 2018 Order and Report and Recommendation (Doc. 4), plaintiff may proceed at this juncture with his harassment and/or excessive-force claim against defendant Voiers for allegedly pulling the mattress out from underneath plaintiff on April 25, 2018, his excessive-force claim against defendant Voiers for allegedly shutting a door on plaintiff's back on May 26, 2018, and his retaliation claim against defendant Voiers for allegedly conducting a cell search, taking things from plaintiff's cell, and threatening plaintiff on June 2, 2018, denying plaintiff recreation and conducting another cell search on June 6, 2018, and conducting a third cell search and taking plaintiff's extra-blanket on July 6, 2018, because plaintiff attempted to bring legal action against Voiers. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.[2]

First, any claim against Voiers in his official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v.* Jordan, 415 U.S. 651 (1974). An action against a state official in

---

[2]With the exception of plaintiff's new request to compel the initiation of criminal proceedings against defendant Voiers, these claims were addressed in the August 28, 2018 Order and Report and Recommendation. (Doc. 4, at PageID 54-56). The undersigned incorporates the legal analysis in the August 28, 2018 Order and Report and Recommendation and addresses plaintiff's new request herein.

5

his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989).  Therefore, Voiers in his official capacity is immune from suit to the extent that plaintiff seeks monetary damages.

Next, plaintiff's allegations that between November 2015 and February 2016 defendant Voiers disregarded plaintiff's safety and well-being are devoid of sufficient factual assertions to state a claim.  *See Twombly*, 550 U.S. at 555-57.  Such allegations also appear to be outside of the applicable two-year statute of limitations.  *See Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (applying two-year statute of limitations to civil-rights claims brought under 42 U.S.C. § 1983).

Furthermore, plaintiff's allegations that Voiers violated his constitutional rights by making disparaging comments between April 19, 2018 and April 24, 2018, and on June 2, 2018, do not state a claim upon which relief may be granted.  While such behavior, if true, is despicable and unprofessional, it does not rise to the level of a constitutional violation.  *See Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a § 1983 claim for relief."); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

Similarly, plaintiff's allegation that Voiers made a hanging gesture with his hand on April 24, 2018, does not state a claim for relief.  *See Ivey*, 832 F.2d at 954; *see also Russell v. Mooney*, No. 17-cv-570-JPG, 2017 WL 2473279, at *4 (S.D. Ill. June 7, 2017) (finding that a defendant's jokes and mocking comments about the plaintiff's suicide attempt, while distressing, did not rise

6

to the level of a constitutional violation); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (finding that mere threatening language and gestures did not violate constitution).

Plaintiff's allegation that on May 2, 2018, Voiers took plaintiff's blanket and t-shirt for ten minutes also does not state a claim for relief. *See Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992) (finding that the Eighth Amendment does not protect prisoners from conditions that cause mere discomfort or inconvenience). Likewise, plaintiff's allegation that he was without his medically ordered mattress for ten minutes on April 25, 2018, does not state a claim. *See id*.

Nor does plaintiff state a claim for relief with his conclusory allegations that Voiers humiliated plaintiff by taking him, on an unspecified occasion, to be x-rayed and strip-searched. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). *See also Twombly*, 550 U.S. at 555-57.

Plaintiff's allegations that he lives in constant fear of Voiers and will not go to recreation when Voiers is on duty out of fear that Voiers will do something to his cell or food are merely speculative and also do not state a claim for relief. *See Laird v. Tatum*, 408 U.S. 1, 14 (1972) (finding that allegations of subjective harm "are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm").

As for plaintiff's new request to initiate criminal charges against defendant Voiers, it should be dismissed for failure to state a claim for relief. Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution of another." *Booth v. Henson*, 290 F. App'x 919, 920-21 (6th Cir. 2008) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

7

Accordingly, in sum, the undersigned concludes that plaintiff may proceed at this juncture with his harassment and/or excessive-force claim against defendant Voiers for allegedly pulling the mattress out from underneath plaintiff on April 25, 2018, his excessive-force claim against defendant Voiers for allegedly shutting a door on plaintiff's back on May 26, 2018, and his retaliation claim against defendant Voiers for allegedly conducting a cell search, taking things from plaintiff's cell, and threatening plaintiff on June 2, 2018, denying plaintiff recreation and conducting another cell search on June 6, 2018, and conducting a third cell search and taking plaintiff's extra-blanket on July 6, 2018, because plaintiff attempted to bring legal action against Voiers. The remainder of plaintiff's amended complaint (Doc. 6) should be dismissed.

However, plaintiff has not submitted a service copy of the amended complaint[3] or the necessary service of process forms. Therefore, **within thirty (30) days** of receipt of this Order and Report and Recommendation, plaintiff is **ORDERED** to submit a service copy of the amended complaint, summons, and United States Marshal form for defendant Voiers so that service of process may be made in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **ADOPT in its entirety** the August 28, 2018 Order and Report and Recommendation (Doc. 4).

2. The amended complaint (Doc. 6) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's harassment and/or

---

[3]Plaintiff's constitutional right of access to the courts does not include unlimited free photocopying services. *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). Furthermore, although plaintiff has been granted the right to proceed *in forma pauperis*, he is not entitled under the *in forma pauperis* statute to free copies of documents that he generated and previously filed with the Court. *See Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007); *see also Martin v. Aramark Food Corp.*, No. 2:15-cv-1112, 2015 WL 3755944, at *4 (S.D. Ohio June 16, 2015); *Brown v. Voorhies*, No. 2:07-cv-13, 2007 WL 2071907, at *1 (S.D. Ohio July 17, 2007). This Court's local rules permit plaintiff to submit handwritten, legible copies of his complaint. *See* S.D. Ohio Local Civ. R. 5.1(a).

excessive-force claim against defendant Voiers for allegedly pulling the mattress out from underneath plaintiff on April 25, 2018, his excessive-force claim against defendant Voiers for allegedly shutting a door on plaintiff's back on May 26, 2018, and his retaliation claim against defendant Voiers for allegedly conducting a cell search, taking things from plaintiff's cell, and threatening plaintiff on June 2, 2018, denying plaintiff recreation and conducting another cell search on June 6, 2018, and conducting a third cell search and taking plaintiff's extra-blanket on July 6, 2018, because plaintiff attempted to bring legal action against Voiers.

## IT IS THEREFORE ORDERED THAT:

1.  **WITHIN thirty (30) days** of receipt of this Order and Report and Recommendation, plaintiff shall submit a service copy of the amended complaint, completed summons, and United States Marshal Form for defendant Voiers so that the amended complaint may be served in this case.

2.  The Clerk of Court is **DIRECTED** to provide the plaintiff with a summons and United States Marshal Form for this purpose, as well as a copy of his amended complaint so that he can make a service copy. Upon receipt of the service copy, completed summons, and United States Marshal Form, the Court shall order service of process by the United States Marshal in this case.

Plaintiff is advised that failure to comply with this Order may result in the dismissal of this case for want of prosecution.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEITH M. WHITAKER, SR.,                  Case No. 1:18-CV-546
     Plaintiff,

                                                 Black, J.
vs.                                               Bowman, M.J.

C.O. VOIERS,
     Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).